```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | 5:18-Cr-05-JMH-1 |
| ) | |
| ALEXANDER CRUZ-DOMINGUEZ, ) | **MEMORANDUM OPINION** |
| ) | **and ORDER** |
|    Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*

Alexander Cruz-Dominguez ("Defendant") is a federal inmate, currently confined at the Federal Correctional Institution (FCI) in Victorville, California. On August 15, 2018, the Court sentenced Defendant to a total term of 120 months of imprisonment for possession with intent to distribute 500 grams or more of cocaine (Count 1); possession of a firearm in furtherance of a drug trafficking crime (Count 2); and possession of firearms by an illegal alien (Count 3). DE 17 (Superseding Indictment); DE 51 (Judgment).

On August 2019, Defendant filed a timely motion to vacate under 28 U.S.C. § 2255, arguing that his sentence was substantively unreasonable and that his trial counsel failed to subject the Government's case to meaningful adversarial testing. (DE 55 at 7-11). However, because the petition was not submitted on the appropriate standard form, United States Magistrate Judge Smith

Page **1** of **6**

ordered Defendant to supplement his motion on the proper habeas form. (DE 57). While Defendant did so, he also added two new claims pertaining to his attorney's alleged ineffective assistance of counsel (DE 58), which Judge Smith ultimately concluded did not "relate back" pursuant to Fed. R. Civ. P. 15(a). (*See* DE 59 at 3-6; Rule 12 of the Federal Rules Governing Section 2255 Proceedings ("A motion to amend a § 2255 motion is governed by Federal Rule of Civil Procedure 15(a)")). On February 21, 2020, Judge Smith issue a Report and Recommendation, recommending that all claims be dismissed on procedural grounds. (DE 59 at 3-7). On June 1, 2021, the Court adopted Judge Smith's findings, denied Defendant's request for habeas relief, and ordered that no certificate of appealability be issued. (DE 66, 67).

On April 28, 2022,[1] proceeding *pro se*, Defendant filed this Motion to Compel, which seeks an order from the Court directing his former defense counsel to "turn over all discovery, Brady material, transcripts of proceedings, and plea agreements" previously filed in his case. (DE 69 at 1). Defendant asserts that he has attempted to contact his attorney several times, but all attempts have been unsuccessful. (*Id*.). Along with this motion,

---

[1] Applying the prisoner mailbox rule, the Court deems the motion to have been filed on April 28, 2022, when it was delivered to prison authorities for mailing (DE 69 at 1-2). *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

Defendant has also submitted a letter to the Clerk of Court requesting several documents; including the docket sheet, plea agreement, superseding indictment, and plea and sentencing transcripts. (DE 69-1). Attempting to prove his indigency to the Clerk, as an attachment to this letter, Defendant submits a print-out copy of his inmate trust account's transaction history. (DE. at 2). The record reflects that the Clerk forwarded Defendant a short copy of the docket sheet and a Transcript Order Form and Instructions (AO 435).

Defendant submits to the Court that he "is in the midst of the appellate/habeas process[,]" but clarifies to the Clerk of Court that he is actually just "considering to file [a §] 2255 Motion…." (DE 69; DE 69-1). However, because Defendant has previously filed a § 2255 Motion, the Court must caution Defendant that, if he chooses to proceed with the filing of another § 2255 Motion, he must **first** obtain permission from the United States Court of Appeals for the Sixth Circuit. *See* Rule 9 of the Rules Governing Section 2255 Proceedings ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition…."). If Defendant does not first petition

the Sixth Circuit for review, the Court may find that the current motion is procedurally barred.[2]

Finally, Defendant requests a series of free transcripts from the Court, as well as other court documents pertaining to his case. As an initial matter, it is a general rule that a criminal defendant has no federal constitutional right to a transcript to prepare a post-conviction proceeding. *Rickard v. Burton,* 2 F. App'x 469, 470 (6th Cir. 2001) (citing *Ruark v. Gunter,* 958 F. 2d 318, 319 (10th Cir. 1992)); *see also United States v. MacCollom,* 426 U.S. 317, 325-26 (1976). "[A]bsent a special showing of necessity, an indigent prisoner is not entitled to a free transcript for the sole purpose of framing a motion under Section 2255." *Lucas v. United States*, 423 F.2d 683, 684 (6th Cir. 1970) (internal citations and quotations omitted). Instead, "[i]t

---

[2] The Court cannot engage in this determination; rater, the Sixth Circuit must determine whether the Court has authority to consider the motion. In its determination, the Sixth Circuit will consider whether Defendant has presented new factual evidence or demonstrated a new rule of constitutional law. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); *see also Albo v. United States*, 498 F. App'x 490 (6th Cir. 2012); *West v. Bell*, 550 F.3d 542 (6th Cir. 2008).

is assumed that . . . a man in custody can recall sufficiently the circumstances of a nonfrivolous error to frame an appropriate motion to vacate sentence." *Id.*

An appellant is obligated to pay either the cost of a trial transcript required for an appeal or to obtain an order of the district court exempting plaintiff from this expenditure and directing the United States to pay the costs. *See* Fed. R. App. P. 10(b)(1); 28 U.S.C. § 753(f). As to the latter, section 753(f) provides that, under certain circumstances,[3] a defendant may obtain transcripts and other court documents without cost or at the expense of the Government. Title 28 U.S.C. § 2250, too, provides a similar exception when an application for a writ of habeas corpus is filed. However, "[t]to invoke either § 2250 or § 753(f), Smith must have a motion for relief *pending. United States v. Smith*, Case No. 6:06-21-SS-DCR, 2012 WL 2120913, at *1 (E.D. Ky. June 12, 2012). Here, Defendant's current "motion fails under both sections." (*Id.*).

---

[3] Fees for transcripts furnished ... to persons permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f); *see United States v. MacCollom*, 426 U.S. 317, 320-21 (1976) (noting that § 753(f) contains "a limited grant of authority to the courts to authorize the expenditure of public funds for furnishing transcripts to plaintiffs in § 2255 actions).

Focusing our attention to the rest of Defendant's requests for court documents, nothing in the referenced statutory sections contain any clauses which would allow the Court to provide Defendant the ability to obtain the entirety of the trial records, as is the case here, and without expense to him. Therefore, in consideration of the law, as well as the present facts before us, the Court will deny Defendant's request for a Court order compelling his attorney to provide him with "all records and files in this case." (DE 69 at 1).

For the reasons above, the Court ORDERS that Defendant Alexander Cruz-Dominguez's Motion to Compel Counsel (DE 69) is DENIED.

This the 12th day of May, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge